1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

**\* \* \***

11

FREDERICK MARC COOLEY,                              )        Case No.: 2:10-cv-01138-RLH-RJJ
                                                    )
12                    Plaintiff,                     )              **O R D E R**
                                                    )
13        vs.                                        )        (Motion for Hearing–#23;
                                                    )        Motion to Set Aside–#24)
14   R. LEUNG, P# 8556; E. LUDTKE, P# 9044, *et*    )
     *al*.,                                          )
15                                                   )
                      Defendants.                    )
16   _____       )

17          Before the Court is Plaintiff Frederick Marc Cooley's **Motion for Evidentiary**

18   **Hearing to Determine the Amount of Damages** (#23, filed Feb. 17, 2012), which is a request for

19   a hearing to determine damages for purposes of entering a default judgment against Defendants

20   Leung and Ludtke.  Defendants did not file an Opposition.

21          Also before the Court is Leung and Ludtke's **Motion to Set Aside Clerk's Entry**

22   **of Default** (#24, filed Apr. 12).  The Court has also considered Cooley's Opposition (#25, filed

23   May 3), and Defendants' Reply (#26, filed May 11).

24                                      **BACKGROUND**

25          This is a § 1983 case which arises out of the impoundment of Cooley's vehicle by

26   Leung and Ludtke, officers with the Las Vegas Metropolitan Police Department ("Metro").

AO 72
(Rev. 8/82)

1

1    Cooley asserts the following allegations in support of his claim.  On February 7, 2009, Cooley was

2    pulled over by Leung apparently because Cooley's car had a placard in its rear window indicating

3    that he had recently purchased the car.  Leung reviewed Cooley's license and other information

4    and ordered Cooley out of the car.  Ludtke then conducted a pat search of Cooley and a search of

5    Cooley's car both without Cooley's consent.  Eventually, Leung informed Cooley they were

6    impounding Cooley's car because they were arresting him for failing to change his California

7    driver's license to a Nevada driver's license.

8              Cooley filed suit in July 2010 and in August 2011 filed an amended complaint

9    containing one cause of action against Leung and Ludtke for violation of his Fourth Amendment

10   search and seizure rights.  On September 13, 2011, Carrol Denney (a supervisor at a Metro Sub-

11   Station) accepted service on behalf of Ludtke and on the same day Simone Hipp (a "senior" at a

12   Metro Sub-Station) accepted service on behalf of Leung.  On November 1, 2011, the Clerk of

13   Court entered default against Leung and Ludtke for failing to make an appearance in the case.

14   Cooley then filed a motion requesting an evidentiary hearing to determine the amount of damages

15   for purposes of a default judgment.  Prior to ruling on Cooley's motion, however, the Court's staff

16   contacted Leung and Ludtke to inquire about their failure to appear.  Metro's Risk Management

17   Department subsequently contacted the Court's staff to inform them that it did not have notice of

18   this lawsuit and that a motion to set aside the default would follow, which it did.  For the reasons

19   discussed below, the Court denies Cooley's motion for a hearing and grant's Defendants' motion

20   to set aside default.

21                                    **DISCUSSION**

22   **I.      Defendants' Motion to Set Aside Default**

23          **A.      Legal Standard**

24              Under Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set

25   aside an entry of default for good cause . . . ."  In determining whether to set aside a default, the

26   Court considers the following factors: (1) whether the plaintiff would be prejudiced by setting

AO 72
(Rev. 8/82)

1   aside the default; (2) whether the defendant has a meritorious defense; and (3) whether the

2   defendant's culpable conduct led to the default.  *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir.

3   2001).  "Prejudice exists if circumstances have changed since entry of the default such that a

4   plaintiff's ability to litigate its claim is not impaired in some material way or if relevant evidence

5   has become lost or unavailable."  *Aristocrat Techs., Inc. v. High Impact Design & Entm't*, 642 F.

6   Supp. 2d 1228, 1233 (D. Nev. 2009) (quoting *Accu-Weather, Inc. v. Reuters Ltd.*, 779 F. Supp.

7   801, 802 (M.D. Pa. 1991)).  "A meritorious defense is one which, if proven at trial, will bar

8   plaintiff's recovery."  *Id*.  Finally, "[a] defendant's conduct is culpable . . . where there is no

9   explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to

10  respond."  *Id*. at 1234 (quoting *Accu-Weather, Inc.*, 779 F. Supp. at 804).

11      **B.      Analysis**

12          The Court finds there is good cause to set aside the default.  First, Plaintiff has

13  pointed to no prejudice that would result from the default being set aside and the Court finds none.

14  Second, officers Leung and Ludtke have demonstrated a meritorious defense of qualified immunity

15  (at least on its face), which protects government officials from suit for performing discretionary

16  functions so long as their conduct does not violate a clearly established statutory or constitutional

17  right of which a reasonable person would have know.  *Baker v. Racansky*, 887 F.2d 183, 186 (9th

18  Cir. 1989).  Cooley admits he was in possession of a California driver's license when arrested and

19  the law required him to change his license within 30 days of moving to Nevada.  *See* NRS

20  483.245.  Further, "[if] an officer has probable cause to believe that an individual has committed

21  even a very minor criminal offense in his presence, he may, without violating the Fourth

22  Amendment, arrest the offender."  *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

23  Therefore, given the potential defense that Leung and Ludtke were exercising their discretion

24  when they decided to impound Cooley's car incident to his arrest, this factor also weighs in favor

25  of setting aside the default.

26  ///

AO 72
(Rev. 8/82)

1      Finally, there appears to be no culpable conduct on the part of Leung and Ludtke

2   which led to the default.  Rather, Defendants argue that process was served on the wrong

3   individuals.  Defendants claim that Carrol Denney and Simone Hipp, the individuals who accepted

4   service on behalf of the Defendants, were not authorized by Metro policy to accept service. *See*

5   Fed. R. Civ. P. 4(e) (service on an individual must be to the individual personally, to someone of

6   suitable age who resides at the individual's dwelling, or to the individual's authorized agent).

7   Consequently, Defendants claim the complaint and summons never reached the appropriate hands

8   and as such Leung and Ludtke did not have notice of this case.  Therefore, all of the above factors

9   weigh in favor of setting aside the default.  As such, the Court grants Defendants' motion and

10  orders this case returned to active status.

11  **II.      Cooley's Motion for Hearing**

12      Given the Court's ruling on Defendants' Motion to Set Aside Default, the Court

13  finds Cooley's request for a hearing to determine damages for purposes of entering a default

14  judgment is moot and denies it as such.

15                                  **CONCLUSION**

16      Accordingly, and for good cause appearing,

17      IT IS HEREBY ORDERED that Defendants' Motion to Set Aside Default (#24) is

18  GRANTED.  Therefore, the default (#19) is set aside and the case is returned to active status.

19      IT IS FURTHER ORDERED that Cooley's Motion for Hearing (#23) is DENIED.

20      Dated: June 6, 2012

21

22  _____

    **ROGER L. HUNT**

23  **United States District Judge**

24

25

26

AO 72
(Rev. 8/82)

4