UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREDERICK MARC COOLEY, | Case No.: 2:10-cv-1138-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Involuntary Dismissal or alternatively Discovery Sanctions - #41) |
| R. LEUNG, P#8556 and E. LUDTKE, P# 9044 | |
| Defendants. | |

Before the Court is Defendants Officers Leung and Ludtke's **Motion for Involuntary Dismissal; in the alternative Motion for Sanctions for Failure to Participate in Discovery** (#41, filed December 26, 2012 ). Plaintiff has failed to file an opposition. For the reasons discussed below, the Court grants Defendants' Motion.

**BACKGROUND**

This is a § 1983 case arising out of the impoundment of Plaintiff Frederick Marc Cooley's ("Cooley") vehicle by Defendants Leung and Ludtke, officers with the Las Vegas Metropolitan Police Department. The Court directs the reader to its previous order (#40, Nov. 26, 2012) for a more detailed recitation of the facts of this case. The facts relevant to the instant motion are:

On September 14, 2012, the Court entered a Proposed Discovery Plan and Scheduling Order with a discovery deadline of December 3, 2012. (#36). Defendants served written discovery, interrogatories and requests for production, on Plaintiff on June 18, 2012. As of November 14, 2012, Plaintiff had not responded and out of concern for the discovery deadline, Defendants scheduled Plaintiff's deposition despite not having those answers. Plaintiff failed to appear at the November 30, 2012 deposition. Plaintiff called to inform defense counsel of his inability to appear due to financial issues three minutes before the deposition was scheduled to begin. Defendants incurred $862.60 in fees and costs due to Plaintiff's failure to appear. Defendants now seek involuntary dismissal of Plaintiff's Complaint for failure to participate in discovery in good faith, or alternatively, discovery sanctions.

## DISCUSSION

### A. Legal Standard

The Ninth Circuit has strictly construed the language of Rule 37(d). *See Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir. 1995) (holding that the rule applies only when a deponent literally fails to show up for a deposition session). Rule 37 authorizes a wide range of sanctions for a party's failure to engage in discovery. The court has the authority under Rule 37(b) to impose litigation-ending sanctions. *See Shepherd v. Am. Broad. Co., Inc.*, 62 F.3d 1469 (D.C. Cir. 1995) (holding court may impose litigation-ending sanctions where it finds by clear and convincing evidence that abusive litigation behavior occurred and lesser sanction would not sufficiently punish and deter the misconduct). When dismissal is the sanction, however, "the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith." *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997) (*quoting Henry v. Gill Indust.*, 983 F.2d 943, 946 (9th Cir. 1993)).

Before dismissing a case for noncompliance with court-ordered discovery under Rule 37, the district court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

1   prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
2   (5) the availability of less drastic sanctions." *Malone v. United States Postal Service*, 833 F.2d
3   128, 130 (9th Cir. 1987). "The first two factors support sanctions and the fourth factor cuts against
4   a default. Therefore, it is the third and fifth factors that are decisive." *Adriana Int'l Corp. v.*
5   *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

6         The Ninth Circuit evaluates whether a district court properly considered the
7   availability of lesser sanctions by examining whether the court: (1) explicitly discussed the
8   possibility of less drastic sanctions and explained why alternative sanctions would be
9   inappropriate; (2) implemented alternative sanctions before ordering default; and (3) warned the
10   party of the possibility of default before actually ordering it. *Stars' Desert Inn Hotel & Country*
11   *Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997) (*citing Hyde & Drath v. Baker*, 24 F.3d
12   1162, 1166 (9th Cir. 1994)). *See also Valley Eng'rs v. Electric Eng'rs Co.*, 158 F.3d 1051, 1057
13   (9th Cir. 1998). Ninth Circuit decisions "suggest that a district court's warning to a party that his
14   failure to obey the court's order will result in dismissal can satisfy the 'consideration of
15   alternatives' requirement." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1991).

16         **B.     Analysis**

17         As a preliminary matter, Plaintiff has failed to respond to Defendants' Motion.
18   Failure to file points and authorities in opposition to a motion constitutes consent that the motion
19   be granted. L.R. 7-2(d); *see Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D.
20   Nev. 1989). Thus, Plaintiff is deemed to have consented to the granting of Defendants' Motion.

21         Moreover, under Rule 37(d), sanctions are appropriate because Cooley failed to
22   appear at his deposition. Defendants' urge the Court to involuntarily dismiss Cooley's complaint.
23   Under the third *Malone* factor, there is some prejudice to Defendants because they are unable to
24   obtain necessary information for the defenses to Plaintiff's claims. However, on balance with the
25   fifth *Malone* factor, the Court finds that alternative less drastic sanctions, specifically monetary
26   sanctions, are appropriate at this stage in the proceedings. Therefore, the Court orders Cooley to

pay the reasonable expenses of $862.60 incurred by Defendants in attempting to obtain Cooley's deposition within 60 days of this Court's order. This amount includes attorney's fees at $190/hr for four (4) hours for Attorney Thomas D. Dillard Jr.'s time in preparing for the unattended deposition and preparing the instant motion, and $105.60 in court reporter costs.

However, the Court strongly warns Cooley that if he fails to obey this Court's order, he will be considered to be in contempt and further, failure to abide by this Court's order may result in dismissal of his Complaint. Last, once Cooley has remitted payment in full, discovery will be reopened for 45 days to allow defense counsel to obtain Cooley's deposition. Cooley is ordered to appear for his deposition. Failure to cooperate in the setting and taking of his deposition will result in an Order precluding Plaintiff Cooley from testifying at trial or in opposition to a motion for summary judgment.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Involuntary Dismissal; in the alternative Motion for Sanctions for Failure to Participate in Discovery (#41) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Cooley to pay Defendants the total sum of $862.60. Plaintiff Cooley is further ordered to make full payment to Defendants within 60 days of this Order.

Dated: January 16, 2013.

_____
**ROGER L. HUNT**
**United States District Judge**