UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREDERICK MARC COOLEY, ) | Case No.: 2:10-cv-1138-RLH-RJJ |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | ( Response and Cross-Motion to Compel |
| ) | and/or Sanctions for Failing to Cooperate |
| R. LEUNG, P#8556 and E. LUDTKE, P# 9044 ) | with Discovery - #46, 47) |
| ) | |
| Defendants. ) | |
| _____) | |

      Before the Court is Plaintiff's Response to Defendants' Motion (#46, filed January 16, 2013) and Plaintiff's Cross-Motion to Compel and/or Sanctions for Failing to Cooperate with Discovery (#47, filed January 16, 2013). As the two motions relate to this Court's prior order, the Court does not require Defendants to provide any additional briefing. For the reasons discussed below, the Court denies Plaintiff's Cross-Motion.

### BACKGROUND

      This is a § 1983 case arising out of the impoundment of Plaintiff Frederick Marc Cooley's ("Cooley" or "Plaintiff") vehicle by Defendants Leung and Ludtke, officers with the Las Vegas Metropolitan Police Department. The Court directs the reader to its previous order (#40,

1  Nov. 26, 2012) for a more detailed recitation of the facts of this case. The facts relevant to the
2  instant motion are:

3        The Court entered a Proposed Discovery Plan and Scheduling Order with a
4  discovery deadline of December 3, 2012. (#36). At the 26(f) conference, Plaintiff requested
5  transcripts from a state court Preliminary Hearing. Defendants agreed to attempt to obtain and
6  produce that transcript to Plaintiff. After the 26(f) conference, Defendants served written
7  discovery, interrogatories and requests for production, on Plaintiff on June 18, 2012. As of
8  November 14, 2012, Plaintiff had not responded and out of concern for the discovery deadline,
9  Defendants scheduled Plaintiff's deposition despite not having those answers. Plaintiff failed to
10 appear at the November 30, 2012 deposition. Plaintiff called to inform defense counsel of his
11 inability to appear due to financial issues minutes before the deposition was scheduled to begin.
12 Defendants incurred $862.60 in fees and costs due to Plaintiff's failure to appear. Defendants
13 sought involuntary dismissal of Plaintiff's Complaint for failure to participate in discovery in good
14 faith, or alternatively, discovery sanctions. Plaintiff failed to oppose that motion. This Court
15 ordered sanctions against Plaintiff on January 16, 2013. (#46). The same day Plaintiff filed his
16 opposition and the instant cross-motion to compel the state court transcripts and for sanctions .

17 **DISCUSSION**

18       As Plaintiff failed to timely file his opposition to Defendants' motion, this Court is
19 not obligated to give consideration to Plaintiff's untimely response. Nevertheless, the Court has
20 reviewed and considered Plaintiff's arguments and finds there is no basis for overturning this
21 Court's prior order for several reasons.

22       Plaintiff argues that his failure to appear at the scheduled deposition was
23 substantially justified because he was financially unable to travel to Las Vegas. However, despite
24 receiving notice on November 17, 2012 and being aware of the possibility that he would not be
25 able to travel due to financial difficulty, Plaintiff failed to contact Defense counsel until the
26 morning of the scheduled deposition. Plaintiff also failed to seek a protective order from this Court

1  to excuse his failure to appear. Even if Plaintiff could not have traveled, his failure to
2  communicate his circumstances caused Defense counsel to prepare for the deposition and incur
3  expenses of the court reporter. Although Plaintiff's delay in providing his written discovery
4  responses was not considered by this Court, this behavior follows Plaintiff's pattern of avoidance
5  and delay. Plaintiff's failure to appear at his deposition, failure to attempt to reschedule his
6  deposition, failure to communicate with defense counsel until the morning of the scheduled
7  deposition, and thus his failure to participate in discovery in good faith, is not substantially
8  justified.

9  Furthermore, Defendants are entitled to depose Plaintiff to prepare an adequate
10 defense against his claims. Defendants are not obligated to waive their right to discovery or their
11 right to obtain Plaintiff's deposition. Defendants are not obligated to travel to where Plaintiff now
12 resides, especially because Plaintiff filed suit in this jurisdiction. In fact just the opposite, Plaintiff
13 is obligated to present himself in the jurisdiction in which he filed suit to both be deposed and to
14 try his case. Plaintiff has failed in his burden and his failure is not substantially justified.
15 Therefore, this Court's prior order, #45, stands. Plaintiff is ordered to remit payment of $862.20 to
16 Defendants within 60 days of that Order.

17 As to Plaintiff's instant motion seeking an order to compel production of a copy of
18 the state criminal Preliminary Hearing Reporter's Transcript, where Defendant Leung testified
19 concerning circumstances of this case, the Motion is denied. At the rule 26(f) Conference, Defense
20 counsel agreed to try to obtain the transcript and produce it to Plaintiff. Plaintiff could have
21 obtained these documents himself, as it was relating to his own case. Notwithstanding, Defense
22 counsel "attempted to obtain it through the Court based on the case number [Plaintiff provided]
23 without success." (Ex. C, Email exchange between Plaintiff and Defense Counsel). Defense
24 counsel further communicated that he was still attempting to get the transcript and that if he
25 obtained it, it would likely cost several hundred dollars. Defense counsel explained to Plaintiff that
26 normally the parties split the cost of the transcript if both sides deem it necessary for trial.

3

Here, despite having equal access to the transcripts in his own state court proceeding, Plaintiff requested Defense counsel obtain the transcripts. Based on the communication between the parties, Defense counsel attempted to obtain the transcripts but was unable to do so. If Defense counsel was unable to obtain the transcripts, naturally he would be unable to produce them to Plaintiff. The Court is confident that if and when Defense counsel obtains the transcripts, Defense counsel will produce the transcripts to Plaintiff. Therefore, Defense counsel has not acted improperly and sanctions are not warranted here. More importantly though, if Defense counsel is able to obtain the transcripts, Defendants should not have to foot the entire bill. As Plaintiff requests the transcripts to impeach Defendant Leung, Plaintiff should pay half the cost.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Cross-Motion to Compel and/or Sanctions for Failing to Cooperate with Discovery (#47) is DENIED.

Dated: January 18, 2013.

_____
**ROGER L. HUNT**
**United States District Judge**