UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREDERICK MARK COOLEY, ) | Case No.: 2:10-cv-01138-RLH-NJK |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | (Motion for Summary Judgment – # 51) |
| ) | |
| R. LEUNG, P# 8556; E. LUDTKE, P# 9044, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court is Defendants R. Leung, P# 8556 ("Officer Leung") and E. Ludtke, P# 9044's ("Officer Ludtke") **Motion for Summary Judgment** (#51, filed June 28, 2013). The Court has also considered Plaintiff's Opposition (#53, filed July 23, 2013), and Defendants' Reply (#54, filed Aug. 9, 2013). For the reasons discussed below, the Court denies Defendants' Motion.

**BACKGROUND**

This is a § 1983 case arising out of a traffic stop, arrest, and vehicle search, which resulted in the discovery of marijuana in Plaintiff's vehicle and subsequent criminal charges. Plaintiff's alleges that his Fourth Amendment rights were violated because Defendants Leung and

1

1  Ludtke lacked reasonable suspicion to conduct the initial traffic stop and subsequent frisk.
2  Plaintiff also challenges the inventory search of his vehicle after his arrest arguing impoundment
3  was not authorized by the community caretaker exception.  Plaintiff seeks "compensatory,
4  punitive, and emotional distress" damages for the alleged violations.  Defendants have moved for
5  summary judgment, arguing that the search was done in a reasonable manner and that the officers
6  are entitled to qualified immunity.

7  The facts leading up to the traffic stop are disputed.  Defendants state that on
8  February 7, 2009 Officer Leung, driving a marked police car, observed an unregistered, late model
9  vehicle driving on the road.  (#51, Ex. F.) Immediately after Officer Leung first observed the
10  vehicle, the vehicle made "a quick right turn onto Karen from Eastern" (*Id.*) Officer Leung
11  followed by turning left and then observed the vehicle make the first left turn onto Atlantic. (*Id.*)
12  His suspicions aroused, Officer Leung then signaled the vehicle to stop.  (*Id.*)

13  Plaintiff's affidavit, however, states that Plaintiff was already traveling on Karen
14  when he observed the police car, which was stopped at a red light on north-bound Eastern. (#53,
15  Exh. E.)  Plaintiff states that he proceeded straight through the intersection of Karen and Eastern,
16  and that the police car turned right to follow.  (*Id.*)  Plaintiff further states that Officer Leung
17  signaled for him to pull over before Plaintiff's turn onto Atlantic, and that the left turn was, in fact,
18  to comply with the officer's signal. (*Id.*)  Plaintiff also states that a temporary dealer placard[1] was
19  visible in his rear window. (*Id.* at Exs. E, D.)

20  The remaining facts are undisputed.  After pulling the car to the curb and legally
21  parking, Plaintiff handed Officer Leung his California drivers license, proof of auto insurance, and
22  a copy of the bill of sale for the recently purchased vehicle upon Officer Leung's request. (*Id.* at
23  Ex. E.)  Officer Leung ran Plaintiff's drivers license and discovered that Plaintiff's registered

---

[1] The "temporary dealer placard" refers to the piece of paper an automobile dealer affixes to the rear window of a recently purchased car, which temporarily authorizes the operation the vehicle on public streets pending permanent registration.

2

1  address for over thirty days was in North Las Vegas, Nevada, that Plaintiff had a previous
2  conviction for narcotic and firearm related offenses, and that Plaintiff had multiple failures to
3  appear on other offenses. (#51, Ex. F.) Due to Plaintiff's felony conviction, Officer Leung asked
4  Plaintiff to exit the vehicle and stand in front of the police vehicle. (#53, Exh. C.) Plaintiff
5  complied, (*Id.* at Ex. E) and Officer Leung then conducted an investigation outside. (*Id.* at Ex. C.)

6  Officer Leung questioned Plaintiff about his whereabouts and intent for being in the
7  area. (#51, Ex. F*.)* Plaintiff became agitated and nervous and failed to answer any of the questions.
8  (#53, Exs. C, F.) Officer Ludtke, who had arrived to assist with the stop, ordered Plaintiff to
9  submit to a pat search. (*Id.* at Ex. E.) Plaintiff communicated that he did not consent to a search
10 and Officer Ludtke placed Plaintiff in handcuffs and conducted a pat search. (*Id.*) Plaintiff asked if
11 he was under arrest and Officer Ludtke responded that he was not. (*Id.*) Plaintiff then instructed
12 Ludtke to "take the fucking handcuffs off me and let me go on my way." (*Id.*) Ludtke ignored the
13 request and asked to search Plaintiff's vehicle. (*Id.*) Plaintiff again refused his consent. (*Id.*) At
14 this point, Officer Lueng instructed Officer Ludtke to search the vehicle because Officer Lueng
15 was placing Plaintiff under arrest for failing to obtain a Nevada drivers license within thirty days
16 of residency as required by NRS 483.245. (#51, Ex. F, #53 Ex. E.)

17  After the arrest, Officer Lueng requested a tow of the vehicle, and he and Officer Ludtke
18 conducted an inventory search. (#51, Ex. F.) During the inventory search, marijuana was
19 discovered in the vehicle's trunk. (*Id.*) The discovery of the marijuana resulted in additional
20 charges against Plaintiff. (*Id.*)

**DISCUSSION**

I.   **LEGAL STANDARD**

23  "The purpose of summary judgment is to avoid unnecessary trials when there is no
24 dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d
25 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when "the pleadings, depositions,
26 answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

3

AO 72
(Rev. 8/82)

1  there is no genuine issue as to any material fact and that the moving party is entitled to judgment
2  as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c). An
3  issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could
4  find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit
5  under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where
6  reasonable minds could differ on the material facts at issue, however, summary judgment is not
7  appropriate. *Twentieth Century-Fox Film Corp. V. MCA, Inc.*, 715 F.2d 1327, 1329 (9th Cir.
8  1983). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to
9  require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp.*
10 *v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*,
11 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts
12 and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp.*
13 *v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

14     The moving party bears the burden of showing that there are no genuine issues of
15 material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry
16 its burden of production, the moving party must either produce evidence negating an essential
17 element of the nonmoving party's claim or defense or show that the nonmoving party does not
18 have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."
19 *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the
20 moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to
21 "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.
22 The nonmoving party "may not rely on denials in the pleadings but must produce specific
23 evidence, through affidavits or admissible discovery material, to show that the dispute exists,"
24 *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and not simply "that there is some
25 metaphysical doubt as to the material facts." *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002)
26

4

1  (internal citations omitted). "The mere existence of a scintilla of evidence in support of the
2  plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

3  **II.     ANALYSIS**

4  The Fourth Amendment guarantees "[t]he right of the people to be secure in their
5  persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const.
6  amend. IV. Plaintiff alleges that the initial stop, the pat search, and the inventory search of his
7  vehicle violated his Fourth Amendment rights. Defendants argue that the seizure and searches
8  were supported by probable cause and were reasonable under the circumstances. Defendants also
9  argue that they are entitled to qualified immunity as police officers.

10  **A. Fourth Amendment Violations**

11  A traffic stop is considered a seizure under the Fourth Amendment, and thus must
12  be reasonable under the circumstances. *Wren v. United States*, 517 U.S. 806, 810 (1996). A
13  police officer's decision to stop an automobile is reasonable where the officer has a reasonable
14  suspicion, based on a particularized, articulable, and objective manifestation, that a traffic
15  violation has occurred,[2] *Delaware v. Prouse*, 440 U.S. 648, 659 (1979), or that the person stopped
16  has engaged, or is about to engage, in criminal activity. *United States v. Arvizu*, 534 U.S. 266, 273
17  (2002); *see also Terry v. Ohio*, 392 U.S. 1, 9 (1968); *United States v. Cortez*, 449 U.S. 411, 417
18  (1981). The officer's subjective intentions and actual motivations for the stop are not considered
19  in this reasonable-suspicion analysis. *Wren*, 517 U.S. at 813. Additionally, any determination must
20  take into account the "totality of the circumstances," and officers are entitled "to draw on their
21  own experience and specialized training to make inferences from and deductions about the
22  cumulative information available to them that 'might elude an untrained person.'" *Arvizu*, 534
23  U.S. at 273 (citing *Ornelas v. United States*. 517 U.S. 690, 699 (1996)).

---

[2] This includes not only moving violations but licencing and registration violations as well. *See Prouse*, 440 U.S. at 659.

5

Officer Leung's affidavit establishes that he made the initial stop because: (1) the vehicle made quick, successive turns, which, based on Officer Leung's training and experience, appeared intended to elude contact with Officer Leung's marked police car;³ (2) the vehicle was an older model and unlicensed, and Officer Leung had prior contact with several persons, particularly in that area, that had attempted to drive unlicensed vehicles with the use of invalid or fraudulently made temporary car dealership placards placed in the window; and (3) the vehicle was in a high crime area known for narcotics. Defendants argue that these facts, taken together, support a reasonable suspicion "to at least investigate Plaintiff's identity and purpose for being in the area." Defendants assert that the search was therefore reasonable, and summary judgment should be granted.

However, the Court does not agree. Defendants do not provide evidence that Officer Leung had a particular and articulable reason for suspecting Plaintiff's involvement in any crime other than a vehicle registration violation. Further, Plaintiff has produced evidence showing that he made *no turns* before being signaled to pull over, and that a temporary dealer placard was visible in the rear window of his vehicle. Thus, viewing the facts in the light most favorable to Plaintiff, Officer Leung could have pulled over Plaintiff simply because he was driving a late-model vehicle with a temporary dealer placard. Even considering Officer Leung's experience and knowledge of the area, this is insufficient to conduct a traffic stop to investigate Plaintiff's "identity and purpose for being in the area" or even to investigate the vehicle's registration absent some other indication that the temporary dealer placard was invalid or counterfeit. Consequently, genuine issues of material fact preclude a determination that the initial stop was necessarily reasonable.

**B.      Investigatory Questions and Pat Search**

---

³ The Motion also mentions Plaintiff's "erratic vehicle maneuvering" and suggests Plaintiff "appeared to be surveying the area." However, the only evidence submitted in support is Plaintiff's deposition testimony that he was looking for an address. This is insufficient to infer erratic vehicle maneuvering.

6

1     There are also issues surrounding the subsequent investigation and pat search which would preclude summary judgment, independent of any invalidation resulting from an illegal stop. Although an order to exit the vehicle after a legal stop is a *de minimis* additional intrusion, *Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1977), investigative questions unrelated to the reason for the traffic stop that prolong the detention of an individual must be supported by reasonable suspicion of other criminal conduct and based on an articulable and objective manifestation. *See United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir. 2007). Further, a pat search of a vehicle occupant is only justified where the officer harbors "reasonable suspicion that the person subjected to the frisk is armed and dangerous." *Arizona v. Johnson*, 555 U.S. 323, 327 (2009). Such a suspicion can be supported by a wide variety of factors including a visible bulge in clothing, sudden movements, attempts to reach for an object, or the nature of the suspected crime, but the determination that the detainee would be dangerous *if* armed or the fact that the detainee has a criminal record are both insufficient. *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1022 (9th Cir. 2009); *United States v. Daniel*, 804 F, Supp. 1330, 1335 n.10 (D. Nev. 1992).

Defendants cite Plaintiff's nervousness, refusal to answer questions, and criminal record as support for the investigation and pat search. However, Defendants do not articulate what other criminal activity they suspected or the objective manifestation giving rise to that suspicion which would authorize prolonged questioning outside the scope of the traffic violation. Moreover, Defendants never state that they feared for their safety or thought that Defendant might be armed, much less articulate an objective observation giving rise to that suspicion. Rather, viewing the facts in the light most favorable to Plaintiff, Officer Leung's arrest report indicates that the investigation and search was based solely on Plaintiff's previous firearm and narcotic conviction. This is insufficient for a reasonable search. Consequently, the Court cannot conclude that Defendants prolonged detention and pat search of Plaintiff's person was reasonable under the circumstances.

///

1   **C.     The Inventory Search**

2            Plaintiff's arguments regarding the inventory search and the community caretaking
3   exception, however, are without merit.  Plaintiff asserts that the community caretaking exception
4   does not apply to his vehicle because it was legally parked on a residential street.  Plaintiff,
5   however, does not provide any evidence contradicting Defendants' evidence that the vehicle was
6   located in a high crime area.  Consequently, the vehicle may have been vulnerable to vandalism or
7   theft and Officers Lueng and Ludtke were authorized to impound the vehicle and conduct an
8   inventory search.  *See United States v. Cervantes*, 703 F.3d 1135, 1141-42 (9th Cir. 2012).
9   Nonetheless, a determination that the inventory search was reasonable is still precluded because its
10  validity is dependent on the validity of the initial stop.  Consequently, the Court cannot grant
11  summary judgment based on the reasonableness of the Officer's actions.

12  **D.     Qualified Immunity**

13          However, Defendants also argue that even if summary judgment on reasonableness
14  grounds is precluded, they are still entitled to judgment based on qualified immunity.  Qualified
15  immunity shields government officers from suit "as long as their actions could reasonably have
16  been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*,
17  483 U.S. 635, 638 (1987).  Even where Fourth Amendment rights are violated, government
18  officers may still be immune from suit where the right violated was not clearly established.
19  *Liberal v. Estrada*, 632 F.3d 1064, 1076 (9th Cir. 2011). Thus, having determined that Defendants
20  are not entitled to summary judgment based on the reasonableness of their action, the Court may
21  still grant summary judgment if the Plaintiff's rights allegedly violated were not clearly
22  established.

23          The determination of whether a right was clearly established "must be undertaken
24  in light of the specific context of the case, not as a broad general proposition." *Sacier v. Katz*, 533
25  U.S. 194, 201 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009).
26  Thus, it is not sufficient to simply conclude that the right to be free from unreasonable searches is

AO 72
(Rev. 8/82)

clearly established. *Id*. at 202. Rather, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Id*. (citing *Wilson v. Layne*, 536 U.S. 603, 615 (1999)). In this manner, "[t]he qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Rodis v. City of San Francisco*, 558 F.3d 964, 970-71 (9th Cir. 2009).

Viewing the facts in the light most favorable to Plaintiff, Defendants are not entitled to summary judgment based on qualified immunity. A reasonable officer would understand that something more than observing a late-model vehicle with a temporary dealer placard was needed to authorize a valid traffic stop. Further, A reasonable officer would know that handcuffing and searching a driver of a vehicle without an articulable suspicion that the driver was armed is not permitted by the Fourth Amendment. Thus, summary judgment cannot be granted on the grounds of qualified immunity.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (#51) is DENIED.

Dated: August 15, 2013.

_____
ROGER L. HUNT
United States District Judge